VAL. BLATZ BREWING CO. v. WALSH et al.

(Circuit Court, D. Minnesota.   December 23, 1897.)

FEDERAL COURTS—FORECLOSURE SUITS—RECEIVER FOR PROPERTY IN CUSTODY
OF STATE COURT.

Where foreclosure proceedings are pending in a state court, to which a junior mortgagee is a party, and the mortgaged property is in the hands of an assignee in insolvency of the mortgagor, the assigned estate being under the direction and management of the same court, a federal court will not appoint a receiver to take charge of the property in a foreclosure suit instituted by the junior mortgagee.

This is a suit by the Val Blatz Brewing Company against Matthew Walsh, as assignee of Jacob Barge, and others, for the foreclosure of a mortgage. Heard on an application by complainant for a receiver pendente lite.

Merrick & Merrick, for complainant.

Henry J. Gjertsen, for defendant assignee.

LOCHREN, District Judge.   This matter came before this court upon an application made by the complainant for the appointment of a receiver of the mortgaged property described in the bill of foreclosure pendente lite.   The conceded facts in the case are, briefly stated, these:   On the 14th day of August, 1896, the defendant Barge gave to the complainant a third mortgage upon the property in question, for the sum of $18,423.10.   At that time prior incumbrances existed on the tract in the sum of $34,100.   On the 18th day of October, 1897, the mortgagor defendant made an assignment of all his unexempt property to the defendant Matthew Walsh, as assignee, under the laws of the state of Minnesota, and the defendant Walsh immediately qualified, and took possession of the insolvent estate under said deed of assignment, and now is, and has ever since acted as, such assignee, under the direction and management of the state district court in and for Hennepin county.   On the 13th of November, 1897, an application was made, in an action then pending before said district court for a foreclosure of the second mortgage, for the appointment of a receiver of the mortgaged premises.   The complainant herein was a party defendant to said foreclosure suit, and appeared in open court, and advised the appointment of such receiver at the instance of the second mortgagee.   The said state district court, however, denied said application.   Thereafter, on the 27th of November, 1897, the second mortgagee, in the matter of the assignment proceedings, made an application requiring the assignee to pay the taxes, insurance, and interest due on the first mortgage out of the rentals of the mortgaged property, and to fix the rental value of the property occupied by the assignee; and thereafter, on the 21st day of December, 1897, said district court made an order granting the application, directing the assignee to pay all delinquent taxes, and the necessary insurance and repairs, and fixing the rental value of that part of the premises occupied by the assignee, and requiring him to keep separate account of the income and disbursements pertaining to such property.   The remainder of the application was de-

nied. On the 26th of November, 1897, the complainant in this suit became a party to the insolvency proceedings in the state court, by serving notice of appearance upon the assignee, and authorizing its attorneys, Merrick & Merrick, to appear and act for it in said insolvency proceedings, in relation to its claim filed on said day, and also on said date complainant filed due proof of its unsecured claim in the matter of the said assignment of the defendant Barge. The assignee has filed six specific objections to the application of the complainant for a receiver. The main point of his contention is that, under the laws of Minnesota, the mortgagor is entitled to a full year of redemption from and after the foreclosure sale of the mortgaged premises, and that the possession of the mortgaged property follows this right of redemption; that in the present case this right is vested in the assignee, who is now in possession of the mortgaged property, managing the same under the immediate supervision and control of the state district court; that all equity rights in and to the property are in the custody of the district court of Hennepin county; and that said state court acquired jurisdiction over said equity prior to the commencement of this suit. The assignee does not claim that this court is precluded from making an appropriate decree of foreclosure, but contends that any application to the equity side of the court, which seeks, in effect, to appropriate the equity of redemption in aid of complainant's right, must be made to the state district court having charge of said insolvency proceedings. It seems clear to this court that in foreclosure cases the doctrine maintained in the federal courts is that, where the property is in the possession of a receiver or an assignee of a state court, the federal court will ordinarily do nothing to disturb his possession, or to interfere with the proper management of the property by the state court, pending the foreclosure. The objection of the assignee is held to be well taken, and the application for the appointment of a receiver is therefore denied.